UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES D. OLIVER; HIDDEN
WEALTH MANAGEMENT, LLC;
AMERICAN EQUITY ADVISORY
GROUP, LLC,

    Plaintiffs,

v.                                         Case No. 6:21-cv-763-RBD-DCI

ZURICH AMERICAN INSURANCE
COMPANY,

    Defendant.
_____

## ORDER

Before the Court are Plaintiffs' motion for partial summary judgment (Doc. 39 ("Oliver's Motion")), Defendant's motion for summary judgment (Doc. 40 ("Zurich's Motion")), and the parties' responses in opposition (*see* Docs. 41–43). Zurich's Motion is due to be granted and Oliver's Motion denied.

## BACKGROUND

This is an insurance coverage dispute. Plaintiff Charles D. Oliver was a life insurance agent for National Life Group ("NLG"). (Doc. 39-1, ¶ 7.) Defendant Zurich American Insurance Company ("Zurich") issued an insurance policy to cover Oliver as an agent for NLG, along with his two companies, Plaintiffs American Equity Advisory Group, LLC and Hidden Wealth Management, LLC

1

(collectively, "Oliver"). (*See* Doc. 19-3 ("Policy").)

While working for NGL, Oliver coordinated with Future Income Payments, LLC ("FIP") to sell an investment product to his clients. (*See* Doc. 39-1, ¶¶ 11, 15, 17 ("FIP Investment").) The FIP Investment purported to offer structured cash flow payments in exchange for a lump-sum investment. (*Id.* ¶¶ 12, 13.) Oliver's clients purchased the FIP Investment and used the cash flows to pay the premiums on life insurance policies. (*Id.* ¶ 16.)

Those cash flows were short-lived because the FIP Investment turned out to be a scam. (*See* Doc. 40-12.) FIP stopped making payments and was later placed in receivership. (*See, e.g.*, Doc. 40-13.) So Oliver's clients sued him. (*See* Docs. 19-5 to 10 ("Underlying Suits").) The Underlying Suits detail a two-part investment plan whereby Oliver advised his clients ("Claimants") to purchase the FIP Investment and use the cash flows to fund life insurance policies. (*See, e.g.*, Doc. 19-5, ¶ 14.) Oliver sought coverage under the Policy but Zurich declined to defend or indemnify. (*See* Doc. 39-5.)

So Oliver sued Zurich for a declaration that Zurich must defend and indemnify him in the Underlying Suits. (*See* Doc. 19.) Both sides moved for summary judgment, though Oliver moved only on Zurich's duty to defend. (Docs. 39, 40.) With briefing complete (Docs. 41, 42, 43), the matter is ripe.

**STANDARDS**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the nonmovant. *Battle v. Bd. of Regents for Ga.*, 468 F.3d 755, 759 (11th Cir. 2006). Then the Court must decide whether there is "sufficient disagreement to require submission to a jury." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (cleaned up). This standard applies to cross-motions for summary judgment. *See Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005).

**ANALYSIS**

Zurich argues that even if the Underlying Suits trigger coverage under the Policy, Exclusion G bars coverage because the Underlying Suits arise out of Oliver having recommended the FIP Investment. (*See* Doc. 40, pp. 18–19.) The Court agrees.

Interpreting an insurance policy is a question of law. *See Penzer v. Transp. Ins. Co.*, 29 So. 3d 1000, 1005 (Fla. 2010). The plain meaning of the policy controls. *See Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005). The insurer's duty to defend "is determined solely from the allegations in the

complaint against the insured." *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004). If the allegations in the complaint do not "state facts that bring the injury within the policy's coverage," the insurer has no duty to defend and thus no duty to indemnify. *See id.*; *see also Trailer Bridge, Inc. v. Ill. Nat'l Ins. Co.*, 657 F.3d 1135, 1146 (11th Cir. 2011). The insurer has the burden of showing a policy exclusion applies. *See E. Fla. Hauling, Inc. v. Lexington Ins. Co.*, 913 So. 2d 673, 678 (Fla. 3d DCA 2005). When interpreting an insurance policy, "[a]rising out of" means "flowing from, incident to[,] or having a connection with." *Taurus*, 913 So. 2d at 539 (cleaned up). This phrase only requires "some causal connection" beyond "mere coincidence." *See id.* at 539–40 (cleaned up).

Exclusion G precludes coverage for any claim[1] arising out of the receivership or inability to pay of any organization Oliver recommended a client invest in. (Doc. 19-3, p. 12.)

---

[1] Oliver argues that Zurich has the burden to show that every allegation in the Underlying Suits falls under Exclusion G. (Doc. 42, pp. 2 n.2, 17-18.) But Exclusion G specifically excludes "Claims," defined by the Policy as a written demand for damages. (Doc. 19-3, p. 6.) While Oliver suggests that a Claim means factual allegations, he provides no authority. Under a plain reading of the Policy, a "Claim" means a complaint as a whole, or different counts in a complaint at best—not every allegation in a complaint individually and in isolation from the rest of the complaint. *See Taurus*, 913 So. 2d at 532. Further, Oliver relies only on a district court case in arguing that Zurich failed to meet this purported burden. (Doc. 42, pp. 15–16); *see Phila. Indem. Ins. Co. v. Allied Mortg. & Fin. Corp.*, No. 10-61849-CIV, 2011 WL 13214551, at *4 (S.D. Fla. Oct. 3, 2011). But even under that case, which states that insurers must show that "all the alleged losses" arose out of the excluded scenario, Zurich would still meet its burden. *Phila. Indem.*, 2011 WL 13214551, at *4. The Underlying Suits are clearly predicated on the two-part scheme involving the FIP Investment such that all the losses relate to the FIP Investment. *See generally Zucker for BankUnited Fin. Corp. v. U.S. Specialty Ins. Co.*, 856 F.3d 1343, 1349–51 (11th Cir. 2017) ("the 'arising out of' standard is not difficult to meet").

Here, Oliver does not dispute that he recommended the Claimants invest in FIP, a company that failed to pay and was placed in receivership. (*See* Doc. 39, p. 21; Doc. 40-6, p. 2; *e.g.*, Doc. 40-13.) So the issue is whether there is a causal connection between the Underlying Suits and the FIP Investment such that the Suits arise out of the FIP Investment. (*See, e.g.*, Doc. 39, p. 21; Doc. 42, pp. 15–16.) All Claimants allege that Oliver recommended the FIP Investment to fund life insurance policies. (*See, e.g.*, Doc. 19-6, ¶ 15 (characterizing the FIP Investment as "part and parcel of the insurance policy sale"); Doc. 19-7, ¶ 15 (describing an "investment plan" that involved purchasing insurance policies to be funded by the FIP Investment).) *See generally Garcia v. Fed. Ins. Co.*, 969 So. 2d 288, 293 (Fla. 2007) ("arising out of" allows for a more attenuated link than "because of"). Because all the alleged misconduct occurred within the contours of this two-part scheme, the Underlying Suits bear a causal connection to Oliver's FIP Investment recommendation. *See Acosta, Inc. v. Nat'l Union Fire Ins. Co.*, 39 So. 3d 565, 576–77 (Fla. 1st DCA 2010) (holding that one lawsuit "arose out of" an earlier suit because they were part of an "overall scheme" even though they involved different conduct); *Taurus*, 913 So. 2d at 539. So Exclusion G bars coverage. Because Zurich has no duty to defend or indemnify Oliver in the Underlying Suits, Zurich's Motion is due to be granted over Oliver's. *See State Farm*, 393 F.3d at 1230.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Oliver's Motion (Doc. 39) is **DENIED**.

2. Zurich's Motion (Doc. 40) is **GRANTED**.

3. The Clerk is **DIRECTED** to enter judgment for Zurich and against Oliver, to terminate all pending motions and deadlines, and to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 22, 2022.

ROY B. DALTON JR.
United States District Judge